# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| TYRICE HILL, | : Case No. 2:23-cv-912 |
| Plaintiff, | : |
| vs. | : Judge Edmund A. Sargus, Jr. |
| | : Magistrate Judge Karen L. Litkovitz |
| ANNETTE CHAMBERS-SMITH, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 1-1). The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05.

Plaintiff has not paid the filing fees required to commence this action. He has instead filed an application to proceed *in forma pauperis* and without prepaying the fees. (Doc. 1). For the reasons that follow, the Undersigned **RECOMMENDS** that the application be **DENIED**.

According to the Complaint, Plaintiff is a prisoner currently confined at Ross Correctional Intuition. (Doc. 1-1, PageID 18). He is therefore subject to the requirements and restrictions of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). One restriction is the statute's so-called "three strikes" provision, which limits a prisoner's ability to proceed *in forma pauperis*:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [concerning proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In his Application to proceed *in forma pauperis*, Plaintiff acknowledges that he has had at least three cases so dismissed. (*See* Doc. 1, PageID 5). He lists six dismissed cases, all of which appear to have all been filed in the United States District Court for the Northern District of Ohio, or the United States Court of Appeals for the Sixth Circuit. (*Id.*). Indeed, Plaintiff has had at least[1] three qualifying dismissals:

1. *Hill v. Stone*, No. 4:18-cv-808, 2018 WL 6018026 (N.D. Ohio Nov. 16, 2018) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)).

2. *Hill v. City of Toledo*, No. 3:20-cv-493, 2020 WL 6701988 (N.D. Ohio Nov. 13, 2020) (dismissed as frivolous under 28 U.S.C. § 1915(e)).

3. *Hill v. Chambers-Smith*, No. 3:22-cv-195 (N.D. Ohio May 27, 2022) (dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A), *appeal pending,* Case No. 22-3557 (Nov. 16, 2022) (denying leave to appeal *in forma pauperis* because appeal lacks an arguable basis).[2]

---

[1] Some other cases that may not be "strikes" include: *Hill v. Adult Parole Authority*, No. 3:16-cv-493 (N.D. Ohio May 31, 2016) (voluntarily dismissed on Plaintiff's motion); *Hill v. Lucas Cnty. Common Pleas Ct.*, No. 3:16-cv-486, 190 F. Supp. 3d 732 (N.D. Ohio June 3, 2016) (dismissed for failure to prosecute); *Hill v. Henderson*, No. 3:17-cv-825, 2017 WL 4182308, at *5 (N.D. Ohio Sept. 21, 2017) (dismissing some of Plaintiff's claims for failure to state a claim under 28 U.S.C. § 1915(e), and later dismissing the remainder for failure to exhaust). The Undersigned is also aware of another case recently filed by Plaintiff in this Court: *Hill v. Chambers-Smith*, No. 2:22-cv-3742 (S.D. Ohio).

[2] This dismissal counts as a strike even while the appeal is pending. *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) ("Where an appeals court has not yet decided whether a prior dismissal is legally proper, should courts count, or should they ignore, that dismissal when calculating how many qualifying dismissals the litigant has suffered? We conclude that the courts must count the dismissal even though it remains pending on appeal.").

If the Sixth Circuit dismisses the appeal, the dismissal may constitute an additional strike under 28 U.S.C. § 1915(g) (referring to "an action *or appeal* in a court of the United States" that is dismissed as a strike) (emphasis added). There, the Sixth Circuit noted that:

> An indigent party may obtain leave to proceed IFP if his appeal is taken in good faith. *See Owens v. Keeling*, 461 F.3d 763, 774-76 (6th Cir. 2006). An appeal is not taken in good faith if it is frivolous, i.e., it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A Magistrate Judge of this Court recently recognized that Plaintiff had accrued three strikes. *See Hill v. Chambers-Smith*, No. 2:22-cv-3742 (S.D. Ohio) (Report and Recommendation issued March 16, 2023, Doc. 6 therein). The Undersigned similarly concludes that Plaintiff has accrued three "strikes" under 28 U.S.C. § 1915(g) and may not proceed *in forma pauperis* unless he falls within the narrow exception for prisoners who are "under imminent danger of serious physical injury." *Id. See also Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998) ("The literal language of [the three strikes provision] forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.").

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). To satisfy the requirement, a plaintiff must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Past danger or threat is insufficient; "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint

---

*Hill v. Chambers-Smith*, No. 22-3557 (6th Cir. Nov. 16, 2022 Order), at p.2. The Court then continued on to find no arguable basis for Plaintiff's claims. Having denied the motion to proceed *in forma pauperis*, the Court ordered Plaintiff to pay the filing fee for the appeal. He had not paid the fee by the due date, but as of the date of this writing, the appeal has not yet been dismissed.

If Appeal No. 22-3557 is dismissed for failure to prosecute, it may count as a strike because the Sixth Circuit previously found the appeal to be frivolous. *See Heid v. Aderhold*, No. 2:20-cv-901, 2020 WL 4673217, at *3 (S.D. Ohio Aug. 12, 2020) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007)) ("Where . . . an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed *in forma pauperis* in that case on the basis that the appeal was frivolous.").

is filed." *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x. 796, 797 (6th Cir. 2008)).

The Undersigned is unable to discern any facts in Plaintiff's Complaint that establish he meets the "imminent danger" exception. He does not identify any imminent danger in his application to proceed *in forma pauperis* or his Complaint. (Doc. 1, 1-1). Rather than discussing physical injury, Plaintiff's allegations center on an access-to-courts claim under the First Amendment. (Doc. 1-1). He recites facts going back to his arrest in 2004, and details how he has been unable to properly raise his claims, due in part to the lack of adequate legal resources like legally-trained inmates or staff in several Ohio prisons. (Doc. 1-1, PageID 18-31). He sues Annette Chambers-Smith, the Director of the Ohio Department of [Rehabilitation and] Corrections (ODRC), alleging she is responsible on the basis of her position and because of an unanswered letter notifying her of the problem. (Doc. 1-1, PageID 18, 24, 31).

Plaintiff raises this claim in the context of a decision made in 2020 by the United States District Court for the Northern District of Ohio in Case No. 3:20-cv-493 (the second "strike" listed above). (*See, e.g.*, Doc. 1-1, PageID 22-26, 31 (citing the case by number)). His main allegation appears to be that he did not timely learn that the dismissal of his § 1983 claim was incorrect, and he could not appeal it, because he lacked the appropriate resources in prison. (*See* Doc. 1-1, PageID 23, ¶ 28; Doc. 1-1, PageID 24 (setting out the "Non-Frivolous Claims that Could Have Been Raised if Plaintiff was not Denied Adequate Assistance")). Plaintiff seeks, in addition to monetary damages:

> [A] judgment granting Plaintiff:
>
> 63. A declaration judgment that ODRC's policy in place to give Plaintiff access to the courts when it comes to adequate assistance is unconstitutional, and has cause Plaintiff to be unable to fully present his claims in the 1983 complaint filed in case number 3:2020-cv-00493, unable to timely file a notice of appeal from the denial of the complaint, and unable to file a timely motion for reconsideration.

(Doc. 1-1, PageID 32).

The cited case was dismissed on November 13, 2020. *See Hill v. City of Toledo*, No. 3:20-cv-493, 2020 WL 6701988 (N.D. Ohio Nov. 13, 2020). The most recent, relevant events mentioned in the Complaint are a discussion of the grievance procedure Plaintiff attempted to use to exhaust his administrative remedies. (*See* Doc. 1-1, PageID 23-24). Those events occurred about a year ago, in February and March of 2022. (*Id.*).

The Undersigned concludes that Plaintiff has not sufficiently alleged in his Complaint that he is currently facing an imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Rather, the Complaint appears to seek damages and a declaration that he was unable to raise certain issues in the past because Defendant did not provide him the resources to properly do so. These access-to-courts allegations are insufficient to satisfy the "imminent danger" exception. *See Jackson v. Novak*, No. 1:21-cv-1030, 2022 WL 100096, at *3 (W.D. Mich. Jan. 11, 2022) (concluding that plaintiff's access-to-court claim did not present imminent danger, and his allegations about the general "health consequences—which purportedly flow from stress which is purportedly caused by a constitutional violation—to be too conclusory and speculative to establish imminent danger of serious physical injury sufficient to except this case from the three-strike bar."); *Cromer v. Davids*, No. 1:19-cv-883, 2019 WL 5704022, at *2-3 (W.D. Mich. Nov. 5, 2019) (concluding that plaintiff's various "claims challenging the lawfulness of his incarceration, the lawfulness of this placement in administrative segregation, the taking of his legal and other property, and interference with his access to the court to pursue habeas corpus relief" did not "allege any credible imminent danger of serious physical injury"); *Pointer v. Morh*, No. 2:18-cv-653, 2018 WL 4999836, at *1-3 (S.D. Ohio Oct. 16, 2018) (concluding that "Plaintiff's claims concern[ing] his termination from his food service job . . . and the alleged

5

denial of his access to court," even when supplemented by allegations about a failure to provide PTSD programming, did not present "an imminent, real and proximate danger of serious physical injury so as to qualify" under the exception).  Because Plaintiff does not satisfy the exception here, the statute bars him from proceeding in this case *in forma pauperis*.

The Undersigned therefore **RECOMMENDS** that the Court:

1. **DENY** Plaintiff's Application to proceed *in forma pauperis*.  (Doc. 1).

2. **ORDER** Plaintiff to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action, **within thirty days,** and **ADVISE** Plaintiff that his failure to pay the full $402 filing fee within thirty days will result in the dismissal of this action.

3. **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Plaintiff is advised that should he pay the filing fee to proceed with this case, his claims will be screened in accordance with 28 U.S.C. § 1915A and could also be subject to dismissal as frivolous or for failure to state a claim.  *See generally Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) ("It is well-settled that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior."); *Harris v. Ohio Adult Parole Auth.*, No. 2:21-cv-1401, 2021 WL 3169156, at *3 (S.D. Ohio July 26, 2021) (dismissing § 1983 claim against an official who failed to respond "to personal letters Plaintiff sent to him through the years," because "§ 1983 requires more than just a failure to respond to correspondence."); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022) (only those claims accruing within the two years before the Complaint was filed are actionable under § 1983).  The filing fee will not be returned if the case is dismissed during screening.

6

Finally, Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 17, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE